IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESERAE BENTON, AS ADMINISTRATOR OF THE ESTATE OF DELMARIO BENTON, and DESERAE BENTON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>TWG DEVELOPMENT, LLC, TEMPLE EDWARDS-MILLER, THE ESTATE OF TEMPLE EDWARDS MILLER, JOHN AND JANE DOES 1-30, and BUSINESS/CORPORATE ENTITIES A-Z,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>1:23-cv-05738-LMM |

## SECOND AMENDED COMPLAINT

Deserae Benton ("Mrs. Benton"), as Administrator of the Estate of Delmario Benton (the "Estate"), and Deserae Benton individually, sue TWG Breckenridge, LP, an Indiana limited partnership; Temple Edwards Miller, the Estate of Temple Edwards Miller, Jane and John Does 1-30; and Business/Corporate Entities A-Z, (hereinafter referred to as "Defendants") and for cause shows the following:

## PARTIES AND JURISDICTION

1.

This is an action for wrongful death damages arising out of the incident that occurred while the decedent, Delmario Benton ("Mr. Benton") was killed on premises at the Breckenridge Apartments at 5530 Old Dixie Road in Forest Park, Georgia, owned and operated by TWG Breckenridge, LP.

2.

Plaintiff, Mrs. Benton, was the mother of Mr. Benton. Mrs. Benton is also administrator of the Estate of Delmario Benton, which is being probated in Henry County, Georgia, and is subject to the jurisdiction of this Court. Mrs. Benton brings this lawsuit both as administrator of the Estate seeking damages for Mr. Benton pain and suffering, funeral and medical expenses; and also individually seeking wrongful death damages. See O.C.G.A. Sections 51-4-5; 9-2-41; 51-4-1; and 51-4-2.

3.

Defendant, Temple Edwards-Miller was the relevant property manager, is a citizen of the State of Georgia, and is subject to the jurisdiction of this Court, as this cause of action/fatality occurred in Clayton County. See O.C.G.A. 14-2-510. Ms. Edwards died so The Estate of Temple Edwards Miller ("Miller") has been substituted as a party. She may be served with service of process through her personal representative or next of kin in Georgia. O.C.G.A. 9-11-25.

4.

At all material times, Defendant, TWG Breckenridge, LP, was an Indiana company, doing business in Georgia and is subject to the jurisdiction of this Court, as this cause of action/fatality occurred in Clayton County. See O.C.G.A. 14-2-510.

5.

At all material times TWG Breckenridge, LP, employed Temple Edwards-Miller as property manager and may be served with process by way of its registered agent CT Corporation System. 289 South Culver Street.  Lawrenceville, GA 30046.

6.

Defendants, Jane and John Does 1-30 are yet unknown and unidentifiable, but whose negligence harmed Mr. Benton.  Defendants, Jane and John Does 1-30 include managers, employees, and individuals owning any interest in any of the Defendants named in this Complaint. Defendants Business/Corporate Entities A-Z are yet unknown and unidentifiable, but whose negligence harmed Mr. Benton. Defendants Business/Corporate Entities A-Z include business and/or corporate entities which hired, retained, managed, contracted, or were in any way involved in the operation described in this Complaint, or in the management of any of the Defendants named in this Complaint or in either of the two restaurants mentioned in this Complaint.

# **STATEMENT OF FACTS**

7.

Plaintiffs hereby replead and reincorporate their allegations contained in Paragraphs 1 through 6 above as if alleged herein.

8.

Mr. Benton was murdered at the Breckenridge Apartments at 5530 Old Dixie Road in Forest Park, Georgia on May 27, 2021.

8.

At all times relevant, Defendant TWG Breckenridge, LP, owned, operated and controlled the Breckenridge Apartments at 5530 Old Dixie Road in Forest Park, Ga.

9.

Leading up to May 27, 2021, there were numerous complaints raised to Defendants suggesting that they would have superior knowledge of dangerous conditions in and around the Breckenridge Apartments at 5530 Old Dixie Road in Forest Park, Ga., substantially similar to the incident that took Mr. Benton's life.

10.

Leading up to May 27, 2021, Defendants failed to warn invitees or residents of the dangerous conditions in and around the Breckenridge Apartments at 5530 Old Dixie Road in Forest Park, Ga.

11.

Leading up to May 27, 2021, Defendants failed to address or remedy or thwart these dangerous conditions posed to invitees or residents in and around the Breckenridge Apartments at 5530 Old Dixie Road in Forest Park, Ga.

12.

As a result of Defendants' conduct Plaintiffs suffered damages including but not limited to loss of life, lost wages, pain and suffering in such amounts as to be proven at hearing or trial before this Court.

**COUNT I – NEGLIGENCE**

13.

Plaintiffs hereby repleads and reincorporates their allegations contained in Paragraphs 1 through 12 above as if alleged herein.

14.

At all times mentioned herein, Defendants owned, controlled and managed the subject premises, including but not limited to the parking lots, and Defendant had the legal duty to keep their premises safe with due regard for the safety of its invitees.

15.

As the owner/operator/manager of the premises Defendants had a nondelegable duty to make sure that the inherently dangerous hazards at issue did not exist, and was not negligently maintained, serviced or existing on its premises.

16.

Even though Defendants knew, had reason to know, or should have known of the hazardous condition and that invitees would be endangered thereby, Defendants failed to provide adequate security measures.

17.

Defendants were negligent in failing to warn, correct, mark, warn, remove, or take any actions regarding security measures and conditions existing on or nearby its premises, thereby creating an unreasonable risk of injury to its invitees.

18.

Defendants knew of, or by the exercise of due care for the safety of its invitees should have known of the security threats existing on and around its premises and that the failure to correct, mark, remove, and/or provide security was likely to result in the precise injuries suffered by Plaintiffs

19.

Defendants had actual knowledge of security risks existing on and around its premises through the direct knowledge of its employees and agents.

20.

Defendants had constructive knowledge of the security risks existing on their premises due to the existence of the condition(s) for an unreasonable period.

21.

Defendants owed Plaintiffs the following duties: (a) to use ordinary care in inspecting, keeping and maintaining the subject premises in a safe condition; (b) to take reasonable precautions to protect invitees from dangers foreseeable from the use of the subject premise; (c) to repair or remove dangerous or defective conditions of which it had superior knowledge; (d) to warn of dangers or hazards which were known or reasonably should have been known to it upon a reasonable inspection of the subject premise and of which it had superior knowledge; and (e) to inspect the subject premises to discover possible dangerous conditions of which it does not have actual knowledge.

22.

Defendants breached the duty owed to Plaintiffs by, inter alia: (a) allowing the dangerous condition to exist on its property; (b) by failing to take reasonable precautions to protect Plaintiffs from foreseeable dangers; (c) by failing to inspect and remove the dangerous condition from its property; (d) by failing to warn Plaintiffs of the existence of the dangerous condition on the property that Defendants knew or should have known about had it conducted a reasonable inspection of the

property; and (e) by failing to inspect the property to discover the dangerous conditions, thus not having a plan to keep invitees safe.

23.

To In addition to the preceding allegations, Defendants were negligent and said negligence proximately caused Plaintiffs' injuries in the following ways:

a. Violation of O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b. Violation of building codes, maintenance codes and industry standards;

c. Failing to properly inspect and maintain the premises;

d. Knowingly allowing their invited guests to utilize an unsafe areas of the premises;

e. Failing to post adequate warning signs or adequate warning markings;

f. Failing to properly train and supervise employees in regard to the care of said premises; and

g. Negligently retaining, entrusting, hiring, training and supervising said employees.

24.

Although Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees from said hazardous condition(s)

existing on its premises and approaches, Defendant negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect its invitees.

25.

Defendants negligently maintained said premises and at all relevant times, and failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to its invitees, although said condition had existed for such a length of time that Defendants, its agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

26.

As a direct and proximate result of Defendants breach of its duty, Plaintiff was murdered.

## **COUNT II PUNITIVE DAMAGES**

27.

Plaintiffs hereby replead and reincorporate their allegations contained in Paragraphs 1 through 26 above as if alleged herein.

28.

Despite having superior knowledge of the hazard that would harm the general public, including Plaintiffs, Defendants did little or nothing to secure the premises.

29

This willful disrespect for local laws and public safety provides aggravating circumstances as there is clear and convincing evidence that Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

30

This willful and malice conduct was the proximate cause of Plaintiffs death, as Defendants failed to take steps to reduce the hazards known to the Defendants.

31

As a direct and proximate result of Defendants failure to keep the premises safe, Plaintiffs suffered severe injury, conscious pain and suffering, mental anguish, and monetary damages.

**COUNT III FAILURE TO WARN**

32

Plaintiff hereby repleads and reincorporates his allegations contained in Paragraphs 1 through 31 above as if alleged herein.

33

Defendant Miller was the property manager of the relevant property.

34

As the Manager of the premises, Miller had a nondelegable duty to ensure that the inherently dangerous hazards at issue did not exist, were not negligently maintained, serviced, or existing on its premises.

35

Defendant Miller contacted Forrest Park Police Department **at least 38** times since 2015, giving her actual knowledge of the dangerous condition(s) that existed on the relevant property.

36

Although Defendant Miller knew of the risks of injuries on the relevant property from said hazardous condition(s) existing on its premises and approaches, Defendant Miller negligently failed to take reasonable precautions to warn or guard against the dangerous condition(s) and failed to protect its invitees.

37

Defendant Miller negligently managed and maintained said premises and at all relevant times, and failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to its invitees, although said condition(s) had existed for such a length of time.

38

Defendant TWG Breckenridge, LP had a duty to train managers like Defendant Miller to identify and report such hazards to reduce the likelihood of injury to persons at said location.

39

Defendant Miller had a duty to identify and report such hazards to TWG Breckenridge, LP to reduce the likelihood of injury to persons at said location.

40

Defendant Miller failed to identify and report such dangerous conditions to TWG Breckenridge, LP.

41

In the alternative, TWG Breckenridge, LP received and ignored such reports of dangerous conditions from Defendant Miller.

42

As a direct and proximate result of Defendant Miller's failure to warn, Plaintiff was murdered.

## **PRAYER FOR RELIEF**

Wherefore Plaintiffs, respectfully demands that judgment be entered in their favor against the Defendant and that Plaintiffs receive an award of damages in a fair and reasonable amount to include all damages recoverable at law including:

a. Provide a trial by jury;

b. That process be issued and that service be had on the Defendant;

c. Find the Defendant TWG Breckenridge, LP and Temple Edwards-Miller were negligent;

d. Find that the Defendant TWG Breckenridge, LP actions were the proximate cause of Plaintiffs' damages;

e. Find that TWG Breckenridge, LP was the proximate cause of Plaintiffs' injuries;

f. Award Attorney's fees;

g. Award Plaintiffs damages including cost and pain and suffering incurred by Plaintiffs in an amount to be proven before this Court at a hearing or trial; and award any other relief as the Court may deem just and proper in the circumstances.

Respectfully submitted this 11th day of January 2024.

Peach Firm

By: *Christopher L. Johnson*

Christopher L. Johnson
Georgia Bar No. 953156

*Attorney for Plaintiff*

Christopher L. Johnson, Esq.
Managing Partner

Peach Firm, LLC
730 Peachtree St. NE, Suite 570
Atlanta, GA 30308
P: (678) 551-8556
F: (404) 844-5880
E: [CLJ@PeachFirm.com](mailto:CLJ@PeachFirm.com)

CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This document has been prepared in Times New Roman font, 14 point.

This 11th day of January, 2024

                            Respectfully submitted,

                            By: *Christopher L. Johnson*
                               Christopher L. Johnson
                               Georgia Bar No. 953156

                               *Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that I have this day served the parties in this action with this NOTICE OF MOTION TO SUBSTITUTE by electronic service to the following:

KORI E. WAGNER
MARISSA H. MERRILL

1420 Peachtree Street, NE, Suite 800
Atlanta, GA  30309
404-874-8800
404-888-6199 (fax)
kori.wagner@swiftcurrie.com
marissa.merrill@swiftcurrie.com

ANDREW E. FESKE
MCMICKLE, KUREY & BRANCH, LLP
217 Roswell Street, Suite 200
Alpharetta, Georgia 30009
Telephone: (678) 824-7800
Facsimile: (678) 824-7801
Email: swm@mkblawfirm.com
Email: afeske@mkblawfirm.com

The Estate of Temple Edwards-Miller

This 11th  day of January, 2024

                                                Respectfully submitted,

                                                           By:  *Christopher L. Johnson*
                                                             Christopher L. Johnson
                                                              Georgia Bar No. 953156

                                                             *Attorney for Plaintiffs*


Peach Firm, LLC
730 Peachtree St. NE, Suite 570

Atlanta, GA 30308  
P: (678) 551-8556  
F: (404) 844-5880  
E: [CLJ@PeachFirm.com](mailto:CLJ@PeachFirm.com)