IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| DESERAE BENTON, *individually and as administrator of the estate of Delmario Benton*, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:23-cv-05738-LMM |
| TWG DEVELOPMENT, LLC, et al., | : : : | |
| Defendants. | : : | |

## **ORDER**

This case comes before the Court on Plaintiff's Motion to Remand [11], Plaintiff's Motions to Join Parties [14, 25], and Defendant TWG Development, LLC's Motion for Summary Judgment [19]. After due consideration, the Court enters the following Order:

### I.     BACKGROUND

This case concerns the death of Delmario Benton. Benton was murdered at an apartment complex owned by Defendant TWG Breckenridge, LP ("Breckenridge"). Dkt. No. [10]. Following Benton's death, Plaintiff—Benton's mother—sued Defendants for negligence in the State Court of Clayton County under a theory of premises liability. Dkt. No. [1-1] at 26–34. Initially, Plaintiff alleged that Defendant TWG Development, LLC ("TWG") owned the apartment complex where Benton was killed. Id. at 28. Plaintiff's initial complaint also

named Defendant Temple Edwards-Miller—a property manager for Defendant Breckenridge—as a defendant.[1] Id. at 27. Plaintiff alleged that Defendants were liable for negligence and punitive damages because they failed to keep the premises safe, failed to warn invitees of unsafe areas, and failed to properly supervise and train employees. Id. at 29–33.

Later, Plaintiff amended her complaint, alleging that Defendant Breckenridge owned and controlled the apartment complex where Benton was killed. Dkt. No. [10]. Although Plaintiff removed Defendant TWG from all substantive allegations in her complaint, Plaintiff did not dismiss Defendant TWG as a party. Id. Plaintiff's amended complaint also included new allegations that Defendant Edwards-Miller called police to the apartment complex over 30 times, demonstrating that she knew of a dangerous condition on the property but failed to warn Benton of this condition. Id. ¶¶ 32–42.

Defendant Breckenridge removed this case to federal court based on diversity of citizenship, noting that Defendants Breckenridge and TWG are citizens of Indiana while Plaintiff is a citizen of Georgia. Dkt. No. [1] ¶¶ 2–3, 7. Although Defendant Breckenridge recognized that Defendant Edwards-Miller is also a citizen of Georgia, Defendant Breckenridge claimed that she was

---

[1] Temple Edwards-Miller is now deceased. See Dkt. No. [1] ¶ 8. After Defendant TWG filed a notice of Edwards-Miller's death, Dkt. No. [1-1] at 36–37, Plaintiff successfully moved to substitute Edwards-Miller for "the Estate of Temple Edwards-Miller." Dkt. No. [9]. For the purposes of this Order, the Court refers to the estate as "Defendant Edwards-Miller."

fraudulently joined to this action, meaning that her citizenship should be disregarded for the purpose of determining jurisdiction. Id. ¶ 8. Plaintiff now moves to remand this case to the State Court of Clayton County. Dkt. No. [11].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260–61 (11th Cir. 2000). Therefore, an action may be removed to federal court only where it "originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441 (providing that an action is removable if "the district courts of the United States have original jurisdiction").

Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. The removing party "bears the burden of showing the existence of federal jurisdiction." Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (citing Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996)). Removal jurisdiction is construed narrowly and any doubts regarding the existence of federal jurisdiction are resolved in favor of the non-removing party. Id.

## III.   DISCUSSION

Plaintiff moves to remand this case to the State Court of Clayton County on the ground that the parties lack complete diversity of citizenship. Dkt. No. [11]. In

support of this argument, Plaintiff notes that both she and Defendant Edwards-Miller are citizens of the State of Georgia. Id. Defendant Breckenridge responds that Defendant Edwards-Miller has been fraudulently joined to this case and should therefore be disregarded for the purpose of determining whether diversity jurisdiction exists. Dkt. No. [13]. Specifically, Defendant Breckenridge contends that there is no possibility that Plaintiff can maintain a cause of action against Defendant Edwards-Miller. Id. The Court disagrees with Defendant Breckenridge.

Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Where a plaintiff has joined a non-diverse defendant "solely in order to defeat federal diversity jurisdiction," the district court must "ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

To establish fraudulent joinder, the removing party must demonstrate by "clear and convincing evidence" that either "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)).

The determination of whether a non-diverse defendant has been fraudulently joined "must be based upon the plaintiff's pleadings at the time of removal." Legg v. Wyeth, 428 F.3d 1317, 1322 (11th Cir. 2005) (quoting Pacheco de Perez, 139 F.3d at 1380). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." Pacheco de Perez, 139 F.3d at 1380. The burden of establishing fraudulent joinder is a "heavy one." Stillwell, 663 F.3d at 1332 (quoting Crowe, 113 F.3d at 1538).

At the time this case was removed to federal court,[2] Plaintiff alleged that all of the named defendants—including Defendant Edwards-Miller—were liable for negligence. See Dkt. No. [1-1] at 78–86. Specifically, Plaintiff alleged that Defendants violated Georgia's premises liability statute by failing to keep the apartment complex safe, failing to warn invitees of dangerous conditions on the property, and failing to properly train and supervise employees. Id. Defendant Breckenridge does not present any evidence contradicting Plaintiff's claim against Defendant Edwards-Miller. See Dkt. No. [13]. Instead, Defendant Breckenridge argues that Plaintiff cannot establish a cause of action against Defendant Edwards-Miller as a matter of law because she was a manager—rather than an owner—of the property and therefore cannot be an "occupier or owner"

---

[2] Because jurisdiction is determined at the time of removal, the Court does not consider the new allegations in Plaintiff's Second Amended Complaint. See Legg v. Wyeth, 428 F.3d at 1322.

of the apartment complex under Georgia's premises liability statute. Id. at 10–15. Defendant Breckenridge's argument fails for at least two reasons.

First, contrary to Defendant Breckenridge's position, property managers like Defendant Edwards-Miller can violate O.C.G.A. § 51-3-1, Georgia's premises liability statute. Although Defendant Breckenridge is correct that Georgia courts have sometimes limited premises liability to the legal owner of a premises,[3] other Georgia courts have extended liability to those individuals with "*supervisory control over the subject premises at the time of injury.*" Poll v. Deli Mgmt., Inc., No. 1:07-cv-0959-RWS, 2007 WL 2460769, at *4 (N.D. Ga. Aug. 24, 2007). Indeed, courts have routinely acknowledged that an individual with supervisory authority over a premises may sued for violating O.C.G.A. § 51-3-1.[4] See id. (summarizing Georgia case law showing that managers, maintenance employees, and security personnel have been held liable for negligence under a premises liability theory). Thus, there is no bright-line rule excluding managers or other employees from the definition of owners or occupants under Georgia's premises liability statute.

---

[3] See, e.g., Anderson v. Atlanta Comm. for Olympic Games, Inc., 537 S.E.2d 345, 350 (Ga. 2000) (finding that the director of security for a park could not be held personally liable for injuries sustained at the park).

[4] See also Otey v. AMC Ent. Holdings, Inc., No. 1:24-cv-0184-TWT, 2024 WL 1468342, at *3 (N.D. Ga. Apr. 4, 2024) (noting that Georgia case law "recognizes that a certain level of supervisory control can create liability under O.C.G.A. § 51-3-1"); FPI Atlanta, L.P. v. Seaton, 524 S.E.2d 524, 530–32 (Ga. Ct. App. 1999) (finding that a security contractor hired by an apartment complex had both a contractual and statutory duty to protect tenants under O.C.G.A. § 51-3-1).

Second, Defendant Breckenridge has failed to produce clear and convincing evidence that Defendant Edwards-Miller was not an "owner or occupier" of the premises at the time of Benton's death. "To determine whether a person was an owner or occupier subject to liability under O.C.G.A. § 51-3-1, the critical question is whether the individual exercised sufficient control over the subject premises at the time of injury to justify the imposition of liability." Poll, 2007 WL 2460769, at *4 (citing Scheer v. Cliatt, 212 S.E.2d 29, 31 (Ga. Ct. App. 1975)). Whether a particular premises "is under the control of an owner or occupant is usually a question of fact." Food Giant, Inc. v. Witherspoon, 359 S.E.2d 223, 226 (Ga. Ct. App. 1987) (quoting Scheer, 212 S.E.2d at 31).

Here, Defendant Breckenridge suggests that Defendant Edwards-Miller is not an owner or occupier of the apartment complex, Dkt. No. [13] at 13–15, relying only on Plaintiff's allegations that Defendant Breckenridge owned the subject premises and that Defendant Edwards-Miller was a manager for the apartment complex. Dkt. No. [1-1] at 79–80. But Plaintiff also alleges that all the defendants owned and controlled the premises, and nothing in the complaint excludes the possibility that Defendant Edwards-Miller controlled the apartment complex. Id. at 81. Further, Defendant Breckenridge has admitted that Defendant Edwards-Miller was a manager at the premises where Benton was killed, Dkt. No. [8] ¶ 3, meaning that this is not a case where there is a complete "absence of evidence connecting [Defendant Edwards-Miller] to the premises at the time of [the] alleged incident." Adeley v. Marshalls Atlanta Merchs., Inc., No. 1:20-cv-

7

1251-LMM, 2020 WL 13310596, at *4 (N.D. Ga. Nov. 3, 2020). Thus, because Defendant Breckenridge has not produced any evidence disputing Defendant Edwards-Miller's role in controlling the premises where Benton was killed,[5] at least some uncertainty exists as to whether Defendant Edwards-Miller can be held liable as either an "owner or occupier" under O.C.G.A. § 51-3-1. Defendant Breckenridge has therefore failed to meet its heavy burden of proving fraudulent joinder.[6]

      In sum, the fraudulent joinder doctrine does not apply to this case. Because it is undisputed that both Defendant Edwards-Miller and Plaintiff are citizens of Georgia, the Court lacks diversity jurisdiction over this action. The Court therefore remands this case to the State Court of Clayton County and denies the parties' other pending motions as moot for lack of jurisdiction.

---

[5] For the same reason, Defendant Breckenridge's reliance on Joy v. Wal-Mart Stores East, LP, No. 1:20-cv-4309-WMR, 2021 WL 2562146 (N.D. Ga. Mar. 3, 2021) is misplaced. In Joy, the record clearly showed that the manager of a Wal-Mart store did not supervise employees, set store policy, or control the area of the store where the plaintiff was injured. Id. at *1–3. Here, Defendant Breckenridge has failed to produce or point to evidence supporting such a record.

[6] Defendant Breckenridge also argues that Plaintiff has improperly named "the Estate of Temple Edwards-Miller" as a defendant rather than naming the personal representative of this estate. Dkt. No. [13] at 7–10. Even assuming that a procedural defect exists in Plaintiff's claim against the estate, there is at least a possibility that Plaintiff can amend her pleadings in state court to remedy this issue. See Estate of Suddeth v. Williams, 864 S.E.2d 630, 631–32 (Ga. Ct. App. 2021) ("A party who improperly brings a suit against an estate may seek to amend that party's pleadings to name the proper party in interest, namely the legal representative of the estate."). Thus, the Court need not address Defendant Breckenridge's argument in resolving Plaintiff's Motion to Remand.

## IV. CONCLUSION

In accordance with the foregoing, Plaintiff's Motion to Remand [11] is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Clayton County State Court. Plaintiff's Motions to Add Parties [14, 25] and Defendant TWG Development, LLC's Motion for Summary Judgment [19] are **DENIED as moot**.

**IT IS SO ORDERED** this 12th day of September, 2024.

_____
**Leigh Martin May**
**United States District Judge**